**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LATRICIA RICHARD, *et al.*,                          )
                                                     )
                                    Plaintiffs,      )          Case No. 2:09-cv-02444-LDG-PAL
                                                     )
vs.                                                  )          **ORDER**
                                                     )
UNIVERSITY MEDICAL CENTER OF                         )
SOUTHERN NEVADA, *et al.,*                           )
                                                     )
                                    Defendants.      )
_____               )

The court conducted a hearing on Plaintiffs' Motion to Strike Records (Dkt. #29), and Motion for Discovery Related Sanctions (Dkt. #31) on Tuesday, September 21, 2010.  Jacob Hafter and Michael Naethe appeared on behalf of the Plaintiff.  Counsel for Defendants did not appear.

Although docketed as two separate motions, Plaintiffs' motion was filed as one document on August 16, 2010.  On September 3, 2010, both sides filed a flurry of papers.  Plaintiffs filed a Notice of Non-Opposition to Plaintiffs' motion for Discovery Related Sanctions (Dkt. #34).  Defendants filed an opposition to Plaintiffs' Motion to Strike and Motion for Discovery Related Sanctions (Dkt. #36) and a supplement to the opposition to Plaintiffs' Motion to Strike and Motion for Discovery Related Sanctions (Dkt. #37). Plaintiffs filed an Emergency Motion for Leave to File an Opposition (Dkt. #38), and a Notice of Document Withdrawal (Dkt. #39).  Defendants' Notice of Document Withdrawal withdrew Defendant UMC's opposition to Plaintiff's Motion to Strike and Motion for Discovery Related Sanctions (Dkt. #36).  Plaintiff filed a reply to Defendants' opposition and Motion to Strike (Dkt. #35) on September 3, 2010.

Plaintiffs' Motion to Strike and Motion for Discovery Related Sanctions seeks an order striking and precluding Defendant from using fetal or uterine monitoring records Defendants did not disclose in response to Plaintiffs' Request for Medical Records before suit, or in Defendants' initial disclosures.

Before filing the suit, counsel for Plaintiffs wrote a letter to Annette Bradley, Esq., Defendants' Executive Director for Risk Management, putting UMC on notice of a potential lawsuit, requesting that the Defendant preserve all of the Plaintiffs' records, and requesting a copy of the same. The letter enclosed a medical authorization release. On the same day, Ms. Bradley acknowledged receiving the letter and request for records, and asked that the request for medical records be made on Defendants' form. On December 16, 2009, counsel for Plaintiff, Mr. Hafter, returned an executed request on UMC's form. On December 29, 2009, Mr. Hafter was notified that Plaintiffs' records were copied and ready upon payment of $64.80. Mr. Hafter paid the requested amount and received Plaintiffs' medical records which were accompanied by a certificate of medical records custodian indicating that the custodian had examined all of the Plaintiffs' records and made a true and exact copy of them, which consisted of 104 pages.

After the Complaint was filed, Plaintiff received Defendants' initial disclosures. The initial disclosures consisted of ninety-nine (99) total pages, ninety-three (93) pages of which were Plaintiffs' medical records. The initial disclosures also contained a certificate of medical records custodian dated January 12, 2010, executed by Shiela Espinosa, indicating that the attached records were a "true and exact copy" of the Plaintiffs' medical records.

On August 9, 2010, Plaintiff served Defendants' counsel with a copy of Plaintiffs' expert report which noted the lack of any uterine monitoring records in the Plaintiffs' medical records. Three (3) days later on August 12, 2010, Plaintiffs received a supplement to Defendants' disclosures which included approximately forty-six (46) pages of medical records. Included within the supplement are six (6) pages of pathology records, and what appear to Plaintiffs' counsel to be uterine monitoring records. Plaintiff seeks to strike these records, and to preclude the Defendants from using them because they were only produced after Plaintiffs' expert report was served on opposing counsel. The expert report noted that there was no evidence that, when the Plaintiff presented to the emergency room in labor, uterine monitoring or cervical dilation exams were completed.

Plaintiffs ask that the court exclude the records because they were not timely disclosed. Counsel for Plaintiff requested a complete copy of all of the Plaintiffs' medical records from UMC before filing suit, and in a formal request for production of documents. Defendants' initial disclosures omitted these

documents, and Defendants responded to Plaintiffs' request for production of documents seeking all of Plaintiffs' and her unborn fetus' files.  Defendants objected, but answered that all of the medical records were previously produced in Defendants' initial disclosures, bate-stamped UMC 001-004, and UMC 2001-2089.

After initially asking the court to deny the motion, Defendant UMC withdrew its opposition. Additionally, counsel for Defendants did not appear for the scheduled hearing.

Accordingly, **IT IS ORDERED** that:

1. Plaintiffs' Motion to Strike Records (Dkt. #29) is **GRANTED** and Defendants shall be precluded from using or relying upon medical records not timely disclosed, and specifically, the fetal/uterine monitoring records served after Plaintiffs served Plaintiffs' expert report on counsel for Defendants.

2. Plaintiffs' Motion for Sanctions (Dkt. #31) is **GRANTED**, and sanctions in the form of reasonable costs and attorneys fees incurred for the necessity of filing this motion shall be imposed.

3. Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

4. Counsel for Defendants shall have 14 days from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed

///
///

3

appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

Dated this 24th day of September, 2010.

_____
Peggy A. Leen
United States Magistrate Judge

4